UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MARILYN K. LAHR, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:15-cv-00106-JD-SLC |
| | ) | |
| BRIGADOON FINANCIAL, INC., and | ) | |
| R . BRUCE DYE, | ) | |
| | ) | |
| Defendants/Counter-Claimants. | ) | |

## OPINION AND ORDER

Before the Court are two motions to strike (DE 19; DE 20) filed by Plaintiff Marilyn K. Lahr pursuant to Rule 8(a)(2), (b)(1)(A), and (d)(1), and Rule 12(f) of the Federal Rules of Civil Procedure, seeking to strike a portion of the Answer, Other Defenses, Counterclaims, and Demand for Jury Trial ("Answer") (DE 15) filed by Defendants Brigadoon Financial, Inc., and R. Bruce Dye. Lahr's first motion seeks to strike Defendants' six-page Preliminary Statement from the Answer on the basis that it is verbose and alleges immaterial, impertinent, and scandalous matter. (DE 19). The second motion seeks to strike a paragraph in both the Preliminary Statement and Counterclaim I for the reason that it improperly reveals details concerning the parties' confidential settlement negotiations. (DE 20). The motions are now ripe for ruling. (DE 22; DE 24; DE 25; DE 26).

For the following reasons, Lahr's motions to strike will both be DENIED.

### A. Factual and Procedural Background

On May 1, 2015, Lahr filed a 43-page complaint against Defendants, alleging a claim of assault and battery against Dye in Count I; claims of negligent supervision and training,

negligent retention, breach of contract, sexual harassment, and sexual retaliation against Brigadoon in Counts II through VI; and intentional infliction of emotional distress against both Dye and Brigadoon in Count VII. (DE 1). On July 27, 2015, Defendants filed a 66-page Answer, containing the six-page Preliminary Statement at the outset.[1] (DE 15). In Counterclaim 1, Dye and Brigadoon advance an abuse of process claim against Lahr, and in Counterclaim 2, Dye sues Lahr for breach of contract claim. (DE 15 at 63-65). That same day, Lahr filed a motion to dismiss Defendants' abuse of process counterclaim (DE 18), which remains pending, together with the two instant motions to strike (DE 19; DE 20).

### B. Applicable Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and Rule 8(b)(1)(A) provides that in responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it[.]" In general, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Federal Rule of Civil Procedure 12(f) states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Generally speaking, motions to strike portions of pleadings are disfavored as they consume scarce judicial resources and may be used for dilatory purposes." *Silicon Graphics, Inc. v. ATI Techs. ULC*, No. 06-C-611-C, 2007 WL 5312633, at *1 (W.D. Wis. Mar. 12, 2007) (citing *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006); *Heller Fin., Inc.*

---

[1] Local Rule 10-1 requires that a responsive pleading "restate verbatim the paragraphs from the pleading they respond to . . . ." N.D. Ind. L.R. 10-1(a)(1). Therefore, much of the length of Defendants' Answer is consumed with restating the lengthy allegations in Lahr's complaint.

2

*v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). Thus, motions to strike pleadings "will generally be denied unless the portion of the pleading at issue is prejudicial." *U.S. Liab. Ins. Co. v. Bryant*, No. 3:10-cv-129, 2011 WL 221662, at *1 (S.D. Ill. Jan. 21, 2011) (citing *Heller*, 883 F.2d at 1294; *Tektel, Inc. v. Maier*, 813 F. Supp. 1331, 1334 (N.D. Ill. 1992)). The decision whether to strike material under Rule 12(f) is within the discretion of the district court. *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009); *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

### C. Analysis

1. Lahr's Motion to Strike the Preliminary Statement in its Entirety

Lahr's first motion seeks to strike Defendants' six-page Preliminary Statement in its entirety for the reason that it is verbose and does not conform with Rule 8, which provides that a pleading must consist of a short and plain statement of the claim or defense and be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a)(2), b(1)(A), (d)(1). Lahr also contends that the Preliminary Statement should be stricken because it alleges immaterial, impertinent, or scandalous matter.

With respect to Lahr's verbosity argument, Defendants generally attribute the length of their Answer to the fact that Lahr filed a 43-page complaint. Defendants explain that they included the Preliminary Statement in their Answer to provide the reader with a plain and concise description of their defenses and counterclaims at the outset of the lengthy document. (DE 24 at 2).

In support of their approach, Defendants cite *Fox v. Will County*, in which the plaintiff began its complaint with a narrative section entitled "Nature of the Claim." No. 04 C 7309,

2011 WL 6206238, at *2 (N.D. Ill. Dec. 7, 2011). The defendant moved to strike the narrative section on the basis that it was redundant, verbose, and prejudicial. *Id*. The *Fox* court rejected the defendant's arguments, noting that "provid[ing] an overview of [a party's] case . . . is common practice when filing complaints." *Id*. The court explained: "The primary purpose of [Rule 8] is rooted in fair notice: Under Rule 8, a complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Id*. (alteration in original) (quoting *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994)). The court denied the defendant's motion to strike, concluding that the narrative section of the complaint provided the defendant with fair notice of the plaintiff's claims. *Id.*; *see also Field v. Kittlaus*, No. 94 C 1114, 1994 WL 505403, at *1 (N.D. Ill. Sept. 14, 1994) (denying defendant's motion to strike a Preliminary Statement in plaintiff's complaint as violative of Rule 8(a), stating that "this Court has found that the Preliminary Statement is useful in providing information about the nature of the claim advanced by [plaintiff]").

Defendants argue that, like the "Nature of the Claim" section in *Fox*, the Preliminary Statement helps provide the reader with adequate notice of their defenses and counterclaims. Lahr, however, emphasizes that the *Fox* court stated that a preliminary statement was a common practice when filing *complaints*, not answers. 2011 WL 6206238, at *2. In comparison, Lahr points to *Ramos v. Playtex Prods., Inc.*, Nos. 08 CV 2703, 08 CV 2828, 08 CV 3352, 2008 WL 4066250, at *5 (N.D. Ill. Aug. 27, 2008), in which the court stated that "a preliminary statement is generally unnecessary and improper in the context of a defendant's answer to a complaint," and directed the defendants to limit their answers to numbered paragraphs that were responsive

4

to each paragraph of the complaint.

Here, however, in light of Lahr's lengthy complaint and her use of detailed allegations, and considering that Defendants are advancing counterclaims against her, the Court declines to strike the Preliminary Statement on the basis that it is lengthy or redundant. The Preliminary Statement addresses the central disputes between the parties and provides fair notice to Lahr of Defendants' counterclaims. *See Logan v. Krupp*, No. 3:08-cv-869 WDS, 2009 WL 2929829, at *1 (S.D. Ill. Sept. 10, 2009) ("Motions to strike under Federal Rule 12(f) are not favored, and are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial." (quoting *Tektel, Inc. v. Maier*, 813 F. Supp. 1333, 1334 (N.D. Ill. 1992))). "Although Rule 8 does not require such detail, it also does not necessarily preclude it." *Mink v. Barth Elec. Co.*, No. 1:08-CV-0561-SEB-JMS, 2008 WL 3914068, at *2 (S.D. Ind. Aug. 19, 2008).

Lahr also seeks to strike the Preliminary Statement on the basis that it contains immaterial, impertinent, or scandalous matter. Lahr argues that the Preliminary Statement inappropriately: (1) emphasizes Dye's charitable and political involvement, which she purports is wholly irrelevant to whether he committed assault, battery, and other egregious acts; (2) discounts Lahr's claims for employment discrimination and sexual harassment on the basis that she handled these types of claims for plaintiffs in her law practice and personally suffered from workplace harassment in the past; and (3) describes Lahr's physical attire during a purported assault identified in the complaint. (DE 19 ¶ 11).

But to succeed on her argument, Lahr must show that "the allegations being challenged are so unrelated to [Defendants' counter]claim[s] as to be void of merit and unworthy of any

consideration and that the allegations are unduly prejudicial." *Ind. Ins. Co. v. Westfield Ins. Co.*, No. 10 C 2660, 2010 WL 3404971, at *3 (N.D. Ill. Aug. 26, 2010) (citation and internal quotation marks omitted); *see also Kaufman v. McCaughtry*, No. 03-C-27-C, 2003 WL 23095690, at *1 (W.D. Wis. May 22, 2003). Here, Lahr put Dye's political activities at issue in her complaint (DE 1 ¶ 48), and Dye's charitable and political activities are also connected to Defendants' abuse of process counterclaim (DE 15 Answer ¶ 48, Counterclaims ¶¶ 7, 10). Nor is Lahr's past experience as an employment lawyer immaterial or prejudicial, as she raises her work as a practicing lawyer in her complaint several times (DE 1 ¶¶ 5-6, 11-13), and Dye mentions it in the context of his abuse of legal process counterclaim (DE 15 at 5-6). Finally, what clothing Lahr was wearing during a purported encounter may be an unnecessary detail, but it is not so prejudicial that it must be stricken from the pleading.

Accordingly, in these particular circumstances, Lahr's motion to strike the Preliminary Statement on the grounds that it is verbose and contains immaterial, impertinent, or scandalous matter will be DENIED.

2. <u>Lahr's Motion to Strike Allegations Concerning Settlement Negotiations</u>

In her second motion, Lahr seeks to strike the following paragraph from Defendants' Preliminary Statement and Counterclaim I on the basis that it refers to the parties' confidential settlement negotiations:

> On November 6, 2014, Lahr's legal counsel made a written demand that Dye (1) forego a $500,000 debt Lahr owed Dye, and (2) "sell" his CNG business to Lahr for $11,000,000 at a time when Dye had a firm offer from a buyer for $14,000,000. In exchange, according to Allen's demand, the three plaintiffs would go away. When that demand failed, Lahr abused the legal process by threatening to seek an injunction stopping the sale of the CNG business without any legal basis for doing so.

(DE 15 at 2; *see also* DE 15 Counterclaims ¶ 8). Lahr emphasizes that the communication referenced in this paragraph was part of ongoing settlement negotiations between the parties, and that such communications were repeatedly identified as privileged and confidential by her counsel. (DE 20-1 at 1, 5, 7, 11). She contends that Defendants' description of the settlement offer in their counterclaim for abuse of legal process was "not good faith." (DE 20 at 3).

"[S]tatements made during settlement negotiations are confidential." *Med. Assurance Co. v. Weinberger*, No. 4:06 cv 117, 2011 WL 2115662, at *2 (N.D. Ind. May 26, 2011) (citing Fed. R. Evid. 408(a)(1), (a)(2); *Estate of Sims ex rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 517 (7th Cir. 2007)). "There is a strong public policy in favor of promoting settlement." *Id*. (citation omitted). "Without confidentiality, the discussions and exchange of information necessary to the settlement process may not occur." *Id*. (citation omitted).

Defendants assert that they included the paragraph describing the parties' settlement negotiations because it contains "facts relevant to their abuse of process counterclaim." (DE 22 at 2). But in federal court "pleadings are adjudged under the very liberal notice pleading standard established in Rule 8 . . . ." *Cordero v. Calvary SPV I., LLC*, No. 04 C 1500, 2004 WL 1244107, at *2 (N.D. Ill. June 3, 2004); *see Thomson v. Washington*, 362 F.3d 969, 970 (7th Cir. 2004) ("The federal rules replaced fact pleading with notice pleading."). Under this standard, all that is required is "that the plaintiff set out in [his or her] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Brooks v. Harding*, No. IP98-1200-C-T/G, 2001 WL 548098, at *5 (S.D. Ind. Mar. 30, 2001) (internal quotation marks omitted) (quoting *Anderson v. Simon*, 217 F.3d 472, 474 (7th Cir. 2000)).

As such, Defendants could have advanced their claim, yet maintained some semblance of confidentiality by omitting much of the factual details about the parties' settlement negotiations. That is, Defendants could have simply alleged that Lahr made a settlement offer, and that when Defendants rejected it, she abused the legal process by threatening to seek an injunction to stop the sale of Dye's business without any legal basis for doing so. Nevertheless, the settlement negotiations have now been disclosed, and requiring Defendants to file an amended complaint for the sole reason of restating this paragraph would be inefficient.

A pleading "is not evidence; rather, it sets forth allegations." *BPI Energy, Inc. v. IEC (Montgomery), LLC*, No. 07-186-DRH, 2007 WL 3355363, at *1 (S.D. Ill. Nov. 13, 2007). "Where the settlement negotiations and terms explain and are a part of another dispute they must often be admitted if the trier is to understand the case." *Id.* at *2 (internal quotation marks and citation omitted) (quoting *Central Soya Co. v. Epstein Fisheries, Inc.*, 676 F.2d 939, 944 (7th Cir. 1982)).

Contrary to Lahr's assertion (DE 26 ¶ 12), Defendants are not offering the settlement communications to prove or disprove the validity or amount of a disputed claim. *See Fox*, 2011 WL 6206238, at *5. Rather, Defendants include the settlement negotiations as background for their counterclaim that Lahr abused the legal process after Defendants rejected her settlement offer. *See id.* Therefore, the Court will not strike the settlement negotiations from the Answer. That is not to say, however, that the settlement negotiations will be accepted as evidence under Federal Rule of Evidence 408 in relation to a dispositive motion or at trial; those evidentiary rulings are not before the Court at this juncture. *Id.*; *see Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, No. 1:14-cv-6, 2015 WL 1825567, at *4-5 (N.D. Ind. 2015) (rejecting defendant's

8

argument that plaintiff's motion to amend should be denied because the proposed amendment included settlement materials, stating that defendant may renew its objection under Rule 408 if and when plaintiff attempts to use any settlement materials as evidence).

Accordingly, Lahr's motion to strike Defendants' allegations concerning settlement negotiations in the Preliminary Statement and Counterclaim I will also be DENIED.

### D. Conclusion

For the foregoing reasons, Lahr's Motion to Strike Preliminary Statement (DE 19) and Motion to Strike Allegations Concerning Settlement Negotiations (DE 20) are both DENIED.

SO ORDERED.

Enter for this 9th day of September 2015.

S/ Susan Collins
Susan Collins
United States Magistrate Judge